IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MENDOZA-RAMIREZ, | 1:05-CV-00204-AWI-TAG-HC |
|     Petitioner, | |
|  vs. | REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| PAUL M. SCHULTZ, | |
|     Respondent. | |

      Petitioner is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      On March 9, 2005, the Court issued an order requiring Petitioner to submit an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or pay the $5.00 filing fee for this action, within thirty (30) days from the date of service of that order. The thirty-day period has passed, and Petitioner has failed to comply with or otherwise respond to the Court's order.

      In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy

///

1

1 favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.
2 Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir.
3 1988).

4       The Court finds that the public's interest in expeditiously resolving this litigation and the
5 Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending
6 since February 14, 2005.  The third factor, risk of prejudice to Respondents, also weighs in favor of
7 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
8 prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --
9 public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in
10 favor of dismissal discussed herein.  Finally, a court's warning to a party that failure to obey the
11 court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik
12 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's
13 order of March 9, 2005, expressly stated: "Failure to comply with this order will result in a
14 recommendation that this action be dismissed."  Thus, Petitioner had adequate warning that
15 dismissal would result from his noncompliance with the Court's order.

16 <center>RECOMMENDATION</center>

17       Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for
18 Petitioner's failure to prosecute.

19       This Report and Recommendation is submitted to the United States District Court Judge
20 assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
21 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
22 thirty (30) days after being served with a copy, any party may file written objections with the court
23 and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
24 Judge's Report and Recommendation."

25       Replies to the objections shall be served and filed within ten (10) court days (plus three days
26 if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's
27 ///
28

<center>2</center>

ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 21, 2005**                              /s/ Theresa A. Goldner
j6eb3d                                                  UNITED STATES MAGISTRATE JUDGE